JOHN OR JACK
*vs*
MOREMAN, &c.

---

CHANCERY.

**John or Jack *vs* Moreman, Stith, &c.**

Case 25.

ERROR TO THE HARDIN CIRCUIT.

*Slaves.   Emancipation.*

December 20.

JUDGE BRECK delivered the opinion of the Court.

THE last will of John Stith contains this provision: " I desire that whenever my negro woman Susan, and her two sons, John and Nathan, consent to go to the Colony of Liberia, that they be permitted to go.   Should said woman not consent to go, if after the said two boys, or either of them, shall have passed the age of twenty-one, should they consent to go, that they shall be permitted to go."

John having attained the age of twenty-one, filed this bill, alledging that he had elected to go to Liberia, and that he had been taken by force by Jesse Moreman and Richard Stith, who were running him off, for the purpose, as he believes, of selling him into slavery. He prayed the Court to take charge of him, &c. Moreman and Stith, and the executrix of Stith, were made defendants, and contested the right of the complainant to freedom, or to go to Liberia.

The Court below was of opinion, and so decreed, that John had the right to go to Liberia, and that the Court had the power to arrange for his transportation; and accordingly appointed a Commissioner to take charge of him, and to hire him out until the further order of the Court, or until an apportunity should present for a passage to Liberia, in which event the Commissioner was to make arrangements for his going. The Court was also of opinion that the complainant was not entitled to his freedom upon his mere election

to go, but upon his actually going to Liberia.. The Court further decreed the hire of the complainant after he exhibited his bill, up to the rendition of the decree, about two years, during which time he had been hired out by order of the Court to the executrix. Control over the cause, for the purpose of carrying out the decree, was retained by the Court.

The complainant has brought the case to this Court. The defendants also complain of the decree, and assign cross errors.

The only objection to the decree on the part of the complainant, is the disposition of his hire, or the proceeds of his labor after the exhibition of his bill, and that objection, we think, is clearly available. The Commissioner should have been directed to collect the hire, and after setting apart such portion thereof as might be deemed reasonable for discharging any necessary expenses incurred by the complainant in the prosecution of this suit, including compensation to the Commissioner, the residue, and the proceeds of his labor afterwards, should be a fund for paying the expense and securing to the complainant a comfortable passage to Liberia; and upon his embarkation, the overplus, if any, should be paid over to him. Such was the decision of this Court, in *Graham's ex'rs. vs Sam and others*, (7 B. Monroe, 405.) When the complainant elected to go to Liberia, it was the duty of the executrix to have aided in the accomplishment of the benevolent designs of the testator, and if no opportunity for an immediate passage to Liberia presented, she should have hired him out till an opportunity did present, and have made suitable arrangments for his departure. The proceeds of his labor should have been applied, if necessary, in defraying the expense of the voyage, and if not, it should have been secured to him upon his embarkation. No valid ground is perceived, upon which the decree can be sustained in regard to the hire. The complainant had an inchoate right to freedom as soon as he made his election to go to Liberia, and in the event of his going, should be regarded as *free* from the time the election was made.

JOHN OR JACK
vs
MOREMAN, &c.

A slave, by the will of his master, had the privilege of electing to go to Liberia on his coming to the age of 21 years. Upon making such election known to the executor, after arriving at 21 years of age, he became entitled to his hire, and it was the duty of the ex'r. to hold the hire as a fund as an outfit, &c., and pay to him the surplus upon his embarkation.—— See *Graham's ex'ors. vs Sam and others*, (7 B. Monroe, 405.)

BENNINGFIELD
et al.
vs
REED, &c.

The objection on the part of the defendants is, that the devise is void on account of its impracticability. The same question, in effect, came up in *Graham's ex'rs. vs Sam, &c., supra*, and the objection was held invalid.

The other points relied on by the defendants, afford no ground, in our opinion, for disturbing the decree.

Upon the cross errors, therefore, the decree is affirmed; but upon the original errors, it is reversed, so far as it relates to the hire of the complainant, and the cause is remanded, that the decree in that respect may be corrected as indicated; and as to the residue thereof, it is affirmed.

*Riley and J. & W. L. Harlan* for plaintiff; *B. Hardin* for defendants.